UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHAUN L. STEELE,

    Plaintiff,

    v.      CAUSE NO.: 3:18-CV-549-JD-MGG

PRISONER TRANSPORT SYSTEMS, et al.,

    Defendants.

## OPINION AND ORDER

Shaun L. Steele, a prisoner without a lawyer, filed a complaint against three defendants. He alleges that he suffered unconstitutional conditions of confinement while being transported from Arizona to Indiana. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

On May 2, 2018, Steele agreed to be extradited from Arizona to Indiana. Elkhart County Sheriff Brad Rogers arranged for Prisoner Transport Services, a private company, to transport Steele to the Elkhart County Jail. On May 16, 2018, Steele was placed into the back of a transport van. There were seat belts but, for some reason, they were not utilized by the agents. Steele was handcuffed and shackled. There were no rest rooms in the van or enough space for Steele to lay down. The transport lasted for five days. The van stopped overnight on two occasions. The van stopped for restroom breaks sporadically. At points during the trip Steele felt discomfort by having to wait for the van to stop so that he could use the restroom. A few times, Steele urinated in a bottle. Because he "was not seatbelted, he was tossed around a few times and was unable to catch himself causing him pain and a chipped tooth." ECF 1 at 4. Since there was little light in the back of the van, and just a small window, he suffered panic attacks. During the trip, he was served only fast food, which he claims was a health hazard. Steele sues Prisoner Transport Services, Sheriff Brad Rogers and the Elkhart County Sheriff's Office for money damages.

As a threshold matter, the complaint fails to state a claim against any of the three named defendants. The first defendant is Sheriff Brad Rodgers. Steele sues Sheriff Rodgers for hiring the prison transport company. However, the simple fact that Sheriff Rogers enlisted Prisoner Transport Services to transport Steele from Arizona to Indiana does not state a federal claim. Notably, Sheriff Rogers was not on that van and there is no general respondeat superior liability under 42 U.S.C. § 1983. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The second

named defendant is the Elkhart County Sheriff's Office. But under Indiana law, a "sheriff's department" has no separate corporate existence and is therefore not a suable entity. *Slay v. Marion County Sheriff's Dept.*, 603 N.E.2d 877, 887 (Ind. Ct. App. 1992); *Jones v. Bowman*, 694 F.Supp. 538, 544 (N.D. Ind. 1988) ("A city's police department is merely a vehicle through with the government fulfills its policy functions and is not a proper party defendant. The court can find no reason why the same conclusion would not apply to a county sheriff's department."); *Gillespie v. City of Indianapolis*, 13 F.Supp.2d 811, 816 (S.D. Ind. 1998). And, the complaint does not state a claim against the third defendant, Prisoner Transport Systems, because it alleges no wrongdoing on the part of the company, no failure to train its employees, and no policy of the company that violated his constitutional rights. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 830 (7th Cir.2009). Prisoner Transport Systems is not liable under section 1983 for the actions of its employees under a theory of *respondeat superior. Id.*

To name an appropriate defendant, Steele would have to name the individuals who were personally responsible for the conditions of his confinement during the transport. However, based on the current allegations of the complaint, that would not get him very far because he has not adequately plead that he endured any unconstitutional conditions of confinement.

"In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The alleged conditions must be objectively serious enough to amount to a constitutional deprivation, and the defendant

3

must possess a sufficiently culpable state of mind. *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018); *Sain v. Wood*, 512 F.3d 886, 893 (7th Cir. 2008). A constitutional deprivation occurs when a prisoner is denied the minimal civilized measure of life's necessities. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In making this evaluation, the court is mindful that the conditions on a prison transport vehicle are far different than the confines of a brick and mortar prison. *See e.g., Schilling v. TransCor Am., LLC*, No. C 08-941 SI, 2012 WL 3257659, at *7 (N.D. Cal. Aug. 8, 2012) (recognizing that in evaluating the conditions of confinement, the type of confinement must be considered). Thus, some deprivations will naturally occur when inmates are being transported outside of secure facilities. With respect to the second, subjective element, an inmate must "prove that the defendant 'possess[ed] a purposeful, a knowing, or possibly a reckless state of mind' with respect to the defendants' actions (or inaction) toward the plaintiff." *Davis v. Wessel*, 792 F.3d 801 (7th Cir. 2015) (quoting *Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015)).

Here, Steele's allegations of having to wait to use the restroom, not receiving much light, not being able to lay down and not having a seat belt during this five-day trip, without more, do not call to mind a plausible constitutional claim. *Schilling*, 2012 WL 3257659 at *8-9; *Jabbar v. Fischer*, 683 F.3d 54, 58 (2d Cir. 2012) (the condition of being transported by jail personnel without a seatbelt is not sufficiently serious (without more) as to give rise to a conditions of confinement claim); *Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 906 (8th Cir. 1999); *Smith v. Sec'y for Dep't of Corrections*, 252 Fed.

4

Appx. 301, 304 (11th Cir. 2007). These allegations do not establish that any officer acted with the requisite mental state to trigger constitutional liability.

Surely, though, this does not mean Steele could not allege a plausible constitutional claim. He just has not done so yet. For example, in the complaint Steele simply sets out that seat belts were not used. He does not explain why. It may have simply been an oversight by the officers. As explained above, the mere fact that Steele was not seat belted does not violate the constitution. But, if the officers decided not to seat belt him as some sort of punishment, knowing that Steele could be jostled around and possibly injured during the trip, that would be another matter. Similarly, Steele alleges that the back of the van was not illuminated at night. That alone would not violate the constitution. But there may be more to the story. Steele has not indicated whether he informed the transporting officers of his need for light in the back of the van due to his psychological condition. If the officers knew that he needed some illumination, but nevertheless kept the back of the van dark, that may present a problem. And, finally, Steele complains that the van did not stop very frequently to use the bathroom. However, he does not indicate that any of his requests to stop were denied. If the officers were aware of his need to stop and use the restroom, but nevertheless improperly denied those requests, that would present a different scenario than what is contained in the current complaint. But, without any allegation of intent to punish or other improper motivation, Steele's allegations seem insufficient to plausibly allege that a constitutional violation has occurred.

Though the complaint does not state a plausible claim against any named defendant, the court will grant Steele an opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, Steele should only file an amended complaint if he can address the deficiencies set forth in this order. If he chooses to file an amended complaint, a copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – should be available upon request from the prison law library. On the amended complaint, he must put the cause number of this case which is on the first page of this order, and he should organize his narrative in numbered paragraphs.

For these reasons, the court:

(1) GRANTS Shaun L. Steele, until February 25, 2019, to file an amended complaint; and

(2) CAUTIONS Shaun L. Steele, that, if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 24, 2019.

s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT
